IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE ALLEN HAMER,<br>TDCJ #2032098, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1174 |
| DIANE JACKSON, et al., | § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

State inmate Dale Allen Hamer (TDCJ #2032098) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) regarding the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Hamer has supplemented the Complaint with a Memorandum of Law ("Plaintiff's Memorandum") (Docket Entry No. 4), which includes numerous exhibits (Docket Entry Nos. 4-1 through 4-7). At the court's request Hamer filed a More Definite Statement of his claims ("Plaintiff's MDS") (Docket Entry No. 13), and the State Attorney General's Office supplemented the pleadings with administrative records under <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978). (Martinez Report, Docket Entry No. 26) Hamer has filed more than one response to the Martinez Report (Docket Entry Nos. 30, 31, 32).

After screening all of the pleadings as required by 28 U.S.C. § 1915(e)(2)(B), the court requested an answer from two health care providers employed by the University of Texas Medical Branch ("UTMB"): Nurse Practitioner ("NP") Diane Jackson and Licensed Vocational Nurse ("LVN") Chelsi Sturrock. (Order and Request for Answer, Docket Entry No. 33)[1] Now pending is Defendants Jackson and Sturrock's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (Docket Entry No. 42). In response, Hamer has filed a Motion to Dismiss Defendants Motion ("Plaintiff's Response") (Docket Entry No. 43). After considering all of the pleadings and the applicable law, the court will grant the Motion to Dismiss and will also dismiss the claims made by Hamer against four other unserved defendants for the reasons explained below.

## I. Background

Hamer was admitted to TDCJ most recently in 2015.[2] He is presently confined at the Ellis Unit in Huntsville.[3] Hamer has filed this lawsuit against three health care providers, who are employed by UTMB at the Ellis Unit facility: NP Diane Jackson, LVN

---

[1]The court identifies the defendants by the correct spelling of their names and titles as provided in an exhibit to the Martinez Report. See Affidavit of Glenda M. Adams, M.D., M.P.H. ("Adams Affidavit"), attached to the Martinez Report, Docket Entry No. 26-1, p. 3. All pagination in this Memorandum Opinion and Order references the page numbers imprinted by the court's electronic filing system, ECF.

[2]Plaintiff's MDS, Docket Entry No. 13, p. 1.

[3]Complaint, Docket Entry No. 1, p. 1.

Chelsi Sturrock, and Practice Manager ("PM") Brooke Davis.[4] Hamer also sues three correctional officers at the Ellis Unit: Officer Lanishia Robinson, Officer Sydney Howard, and Lieutenant Dale A. Sanchez.[5]

Hamer alleges that his rights were violated at the Ellis Unit during separate incidents that occurred in 2017 and 2018. Hamer explains that restrictions were imposed on his classification when he was assigned to the Coffield Unit in 2015, which included "no climbing, limited standing," and a lower-bunk.[6] On March 6, 2017, Hamer was transferred to the Ellis Unit, where he claims that NP Jackson removed all of these restrictions "without justification."[7] This incident reportedly occurred on March 10, 2017.[8] Thereafter, the classification department assigned Hamer to a top bunk.[9]

On April 6, 2018, which is just over a year after his lower-bunk restriction was removed, Hamer "got dizzy and lost his balance

---

[4]Id. at 1, 3.

[5]Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 13, p. 3. Hamer explains that defendant Sanchez was a Sergeant at the time of the incidents outlined in his Complaint, but that Sanchez is now a Lieutenant. See Plaintiff's MDS, Docket Entry No. 13, p. 3 ¶ 8.d. The court will refer to this defendant as Lieutenant Sanchez for purposes of this Memorandum Opinion and Order.

[6]Plaintiff's MDS, Docket Entry No. 13, p. 1 ¶ 3.A, p. 2 ¶ 5.A.

[7]Complaint, Docket Entry No. 1, p. 4.

[8]Plaintiff's MDS, Docket Entry No. 13, p. 2 ¶ 5.b.

[9]Id. ¶ 4.c.

-3-

and [fell] to the [floor] from his top bunk."[10] Hamer contends that
he injured his tail bone and lower back as a result of the fall.[11]

In his Complaint, signed on March 26, 2019, Hamer alleges that
NP Jackson acted with deliberate indifference to his health and
safety by removing his previous restrictions on March 10, 2017.[12]
Hamer also alleges that LVN Sturrock "failed to respond reasonably"
and that he did not receive adequate medical care after he was
injured on April 6, 2018.[13]   Hamer alleges further that PM Davis
"failed to respond reasonably" when she denied all of his
grievances about the medical care he received.[14]

In addition to Hamer's claims against the health-care
providers, Hamer appears to allege that Officer Robinson, Officer
Howard, and Lieutenant Sanchez interfered with medical treatment by
denying him access to medication that was prescribed by a doctor.[15]
This incident, which is not related to his claims against Jackson,
Sturrock, or Davis, occurred on December 29, 2018, when Hamer was

---

[10]Id. ¶ 4.b.

[11]Id. ¶ 4.d.

[12]Plaintiff's MDS, Docket Entry No. 13, p. 2 ¶¶ 5.b-c, p. 3
¶ 8.A.

[13]Id. at 3 ¶ 8.b and 2 ¶ 4.e.

[14]Id. ¶ 8.c.

[15]Complaint, Docket Entry No. 1, pp. 3, 4; Plaintiff's MDS,
Docket Entry No. 13, pp. 3-4 ¶ 8.d.

-4-

charged with a disciplinary case and placed in administrative segregation for five hours.[16]

Invoking 42 U.S.C. § 1983, Hamer argues that all of the defendants violated his rights under the Eighth Amendment.[17] Hamer seeks compensatory and punitive damages for the violation of his constitutional rights.[18]

NP Jackson and LVN Sturrock have moved to dismiss the allegations against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, invoking Eleventh Amendment and qualified immunity.[19] All of Hamer's claims are examined below under the applicable standard of review.

## II. Standard of Review

### A. The Prison Litigation Reform Act

Because Hamer is an inmate who proceeds in forma pauperis, the court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the action is (1) "frivolous or

---

[16]Plaintiff's MDS, Docket Entry No. 13, pp. 3-4 ¶ 8.d, p. 5 ¶ 9.A-b.

[17]Complaint, Docket Entry No. 1, pp. 3-4; Plaintiff's Memorandum, Docket Entry No. 4, p. 3.

[18]Complaint, Docket Entry No. 1, p. 4.

[19]Motion to Dismiss, Docket Entry No. 42, pp. 4-25.

malicious," (2) "fails to state a claim on which relief may be granted" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A prison inmate who incurs three or more dismissals under § 1915(e)(2)(B) loses the privilege of proceeding <u>in forma pauperis</u> under the "three-strikes" rule found in 28 U.S.C. § 1915(g).

The Fifth Circuit has adopted the use of a Martinez Report as a tool to assist the court in making a determination of frivolity under 28 U.S.C. § 1915(e). <u>See Norton v. Dimazana,</u> 122 F.3d 286, 292-93 (5th Cir. 1997); <u>Johnson v. Seckler,</u> 250 F. App'x 648, 649 n.1 (5th Cir. 2007). "A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." <u>Geiger v Jowers,</u> 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." <u>Siglar v. Hightower,</u> 112 F.3d 191, 193 (5th Cir. 1997).

## B.   Motions to Dismiss Under Rule 12(b)(6)

As noted above, defendants Jackson and Sturrock have moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. To withstand a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise

-6-

a right to relief above the speculative level[.]" <u>Bell Atlantic</u>

<u>Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007) (citation omitted).

If the complaint has not set forth "enough facts to state a claim

to rel   that is plausible on its face," it must be dismissed.

<u>Id.</u> at 1974.   In reviewing a motion under Rule 12(b)(6), a court

must "'accept[] all well-pleaded facts as true and view[] those

facts in the light most favorable to the plaintiff.'" <u>Bustos v.</u>

<u>Martini Club, Inc.</u>, 599 F.3d 458, 461 (5th Cir. 2010) (citation

omitted).   However, a reviewing court need not accept as true any

"conclusory allegations, unwarranted factual inferences, or legal

conclusions." <u>Ferrer v. Chevron Corp.</u>, 484 F.3d 776, 780 (5th Cir.

2007) (citation and internal quotation marks omitted).   In other

words, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>

<u>v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 127 S. Ct.

at 1965).

Hamer has attached exhibits to his pleadings.[20]   Such exhibits

are considered part of the pleadings "for all purposes."   Fed. R.

Civ. P. 10(c).   Thus, the court may consider these exhibits for

purposes of the motion to dismiss under Rule 12(b)(6).   <u>See Ferrer</u>,

484 F.3d at 780 ("A written document that is attached to a

complaint as an exhibit is considered part of the complaint and may

---

[20]Exhibits attached to Plaintiff's Memorandum, Docket Entry
Nos. 4-1 through 4-7; Exhibits attached to Plaintiff's MDS, Docket
Entry No. 13-1.

be considered in a 12(b)(6) dismissal proceeding.") (citations omitted).

Hamer represents himself in this action. A pro se litigant's pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). If the plaintiff's complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

## III. Discussion

### A. Eleventh Amendment Immunity

Defendants Jackson and Sturrock argue that Hamer's claims for monetary damages against them in their official capacity as state employees are barred by the Eleventh Amendment.[21] Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. See Will v. Michigan Dep't of State Police, 109

---

[21]Motion to Dismiss, Docket Entry No. 42, pp. 23-25.

S. Ct. 2304, 2309 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. See Pennhurst State School & Hospital v. Halderman, 104 S. Ct. 900, 908-09 (1984). A suit against a state official in his or her official capacity is considered a suit against the state itself. See Will, 109 S. Ct. at 2312 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citations omitted).

Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. See NiGen Biotech, L.L.C. v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015) (citing Quern v. Jordan, 99 S. Ct. 1139, 1145 (1979)). As a result, the individual defendants employed by TDCJ and UTMB are entitled to immunity from any claim for monetary damages against them in their official capacity.[22] See Lova v. Texas Department of Corrections, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit.");

_____

[22]There is a narrow exception that applies to claims for prospective injunctive relief. See Ex parte Young, 28 S. Ct. 441 (1908). Because Hamer seeks only monetary damages, this exception does not apply.

Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2001) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). Therefore, Hamer's claims for monetary damages against NP Jackson, LVN Sturrock, and the other individual defendants must be dismissed for lack of subject matter jurisdiction.

## B.  Qualified Immunity

Defendants Jackson and Sturrock argue further that they are entitled to qualified immunity from claims for damages against them in their individual capacity because Hamer does not allege sufficient facts showing that a constitutional violation occurred.[23] Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity. See Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citation omitted). Hamer's claims against NP Jackson and LVN Sturrock are examined separately below.

---

[23]Motion to Dismiss, Docket Entry No. 42, pp. 18-23.

1. <u>Removal of Hamer's Lower-Bunk Restriction</u>

Hamer claims that N.P. Jackson improperly removed his lower-bunk restriction on March 10, 2017.[24] The defendants argue that this claim must be dismissed because it is barred by the applicable statute of limitations.[25] Alternatively, the defendants argue that Hamer fails to state a viable claim where the removal of his lower-bunk restriction is concerned.[26]

a. The Claim is Untimely

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. <u>See Piotrowski v. City of Houston,</u> 237 F.3d 567, 576 (5th Cir. 2001) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); <u>see also Redburn v. City of Victoria,</u> 898 F.3d 486, 496 (5th Cir. 2018). This means that a plaintiff has two years from the time that his claim accrues to file a civil rights complaint under § 1983. <u>See Gonzales v. Wyatt,</u> 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action accrues under § 1983. <u>See Smith v. Regional Transit Authority,</u> 827 F.3d 412, 421 (5th Cir. 2016). A claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has

---

[24]Plaintiff's MDS, Docket Entry No. 13, p. 2 ¶ 5.b.

[25]Motion to Dismiss, Docket Entry No. 42, pp. 4-5.

[26]<u>Id.</u> at 8-11.

-11-

sufficient information to know that he has been injured" by actions attributable to the defendant. Piotrowski, 237 F.3d at 576 (internal quotation marks and citations omitted).

Hamer's clam accrued on March 10, 2017, when he learned that his lower-bunk restriction was being removed.[27] His Complaint regarding the removal of that restriction, which was not filed until March 26, 2019, is outside the two-year statute of limitations period.[28]

Hamer does not dispute that he waited more than two years to complain about the removal of his restrictions on March 10, 2017, and he does not allege facts that toll the limitations period. Accordingly, this claim is subject to dismissal because it is barred by the two-year statute of limitations. See Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003) (per curiam) (citing Gonzales, 157 F.3d at 1019); see also Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations those claims are properly dismissed" as frivolous.).

_____

[27]Plaintiff's MDS, Docket Entry No. 13, p. 2 ¶ 5.b.

[28]Although the Complaint was received for filing on March 29, 2019, a prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Under this rule, the court treats the day that Hamer signed his Complaint on March 26, 2019, as the date it was filed. See Complaint, Docket Entry No. 1, p. 5.

b.   Hamer's Allegations Fail to State a Claim

Alternatively, even assuming that his claim was timely, Hamer does not allege facts establishing that Jackson violated his rights under the Eighth Amendment. A prisoner's claim about his bunk assignment and other restrictions on housing implicates the conditions of his confinement. In this context "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994) (quoting Whitley v. Albers, 106 S. Ct. 1078, 1084 (1986)). A prison official cannot be held liable for depriving an inmate of humane conditions of confinement unless the prisoner demonstrates deliberate indifference on the defendant's part, which is an "extremely high" standard to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 114 S. Ct. at 1984. This requires a showing that the defendant (1) was "aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that [the defendant] actually drew an inference that such potential for harm existed." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing Farmer, 114 S. Ct. at 1979).

Records provided by Hamer reflect that after NP Jackson recommended removing his lower-bunk restriction on March 10, 2017,

-13-

Hamer was seen by a Physician's Assistant, who declined to reinstate the lower-bunk restriction.[29] Hamer does not allege specific facts showing that NP Jackson or any other prison official knew that his health or safety was at risk if he was not restricted to a lower bunk. Hamer's disagreement with the decision by medical providers about his need for a lower-bunk restriction is insufficient to state a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Because Hamer's allegations are insufficient to establish a constitutional violation in connection with the removal of his lower-bunk restriction, he fails to overcome NP Jackson's entitlement to qualified immunity and this claim will be dismissed.

2. Denial of Adequate Medical Care

Hamer alleges that NP Jackson and LVN Sturrock denied him adequate medical care after he fell from the top bunk on April 6, 2018.[30] To establish an actionable claim for the denial of adequate medical care under 42 U.S.C. § 1983, a prisoner must demonstrate that prison officials violated the Eighth Amendment by acting with

_____

[29]See Step 1 Offender Grievance Form #2017110179, attached to Plaintiff's Memorandum, Docket Entry No. 4-1, pp. 41-42. According to a summary of the medical records provided by the Attorney General's Office, NP Jackson determined that the restrictions were not medically indicated after reviewing Hamer's history. See Adams Affidavit, attached to Martinez Report, Docket Entry No. 26-1, p. 5. Hamer's restrictions were reviewed by physician's assistants on two other occasions — on April 11, 2017, and December 29, 2017 — and were left unchanged. See id. at 6.

[30]Plaintiff's MDS, Docket Entry No. 13, p. 3 ¶¶ 8.A & B.

"deliberate indifference to a prisoner's serious illness or injury[.]" Estelle, 97 S. Ct. at 291). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference under these circumstances requires the prisoner to demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (citation and internal quotation marks omitted).

NP Jackson and LVN Sturrock argue that Hamer has failed to allege sufficient facts establishing the requisite personal involvement on their part with a constitutional deprivation and that he does not demonstrate that either of them acted with deliberate indifference to a serious medical need after he fell from his bunk on April 6, 2019.[31] The defendants note that Hamer's threadbare allegations fail to establish that either provider refused to treat him or ignored his complaints and fall well short of providing the necessary facts to demonstrate deliberate indifference on their part.[32]

_____

[31]Motion to Dismiss, Docket Entry No. 42, pp. 5-18.

[32]Id. at 17-18.

Hamer alleges that he suffered a tailbone injury and a lower back injury after he fell from the top bunk on April 6, 2019.[33] He alleges that NP Jackson "showed 'deliberate indifference' to [his] serious medical need," but he provides no facts in support.[34] Hamer also alleged that LVN Sturrock "knew about [his] serious medical need," but "failed to respond reasonably" or did not respond at all, without elaborating.[35] Instead, Hamer refers to a "detailed record" of treatment that he received on April 6, 2018, which is among the exhibits that he provided with his pleadings.[36]

The records provided by Hamer show that LVN Sturrock issued an "Offender Medical Pass" for him on April 6, 2018.[37] The pass states as follows:

> [Hamer] is confined to cell or dorm bed except to eat, use the toilet, and obtain medication, shower, and/or access the facility law library. No yard time or commissary privileges.[38]

Additional records provided by Hamer show that, on April 11, 2018, NP Jackson approved a steroid shot for one day and two muscle relaxer tablets daily for seven days.[39] That same day Jackson also

---

[33]Plaintiff's MDS, Docket Entry No. 13, p. 2 ¶¶ 4.d-e.

[34]Id. at 3 ¶ 8.A.

[35]Id. ¶ 8.b.

[36]Id.

[37]Offender Medical Pass, attached to Plaintiff's Memorandum, Docket Entry No. 4-1, p. 33.

[38]Id.

[39]EMR Medication Print Pass, attached to Plaintiff's Memorandum, Docket Entry No 4-1, p. 34.

imposed restrictions on Hamer's "Bunk Assignment," "Row Assignment," and his ability to work, designating him as "Medically Unassigned."[40]

The records also show that Hamer filed a grievance on April 6, 2018, complaining that he was not given an x-ray.[41] The grievance does not name NP Jackson or LVN Sturrock.[42] To the extent that Hamer contends that he should have been given an x-ray by the treatment providers who saw him on April 6, 2018, allegations of this sort implicate medical judgment and are insufficient to establish deliberate indifference in violation of the Eighth Amendment. See Gobert, 463 F.3d at 346; see also Estelle, 97 S. Ct. at 293 (observing that whether a particular form of treatment is indicated "is a classic example of a matter for medical judgment" and that a medical decision "does not represent cruel and unusual punishment"). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. See Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)).

Hamer does not dispute that he received care after he fell from the top bunk on April 6, 2018, and he does not otherwise

---

[40]Current Patient Restrictions for Dale A. Hamer, attached to Plaintiff's Memorandum, Docket Entry No. 4-1, p. 35.

[41]Step 1 Offender Grievance Form #2018113879, attached to Plaintiff's Memorandum, Docket Entry No. 4-1, p. 36.

[42]See id.

allege facts showing that either NP Jackson or LVN Sturrock denied him care with deliberate indifference to a serious medical need.[43] As a result, NP Jackson and LVN Sturrock are entitled to qualified immunity from Hamer's claims that he was denied adequate medical care after he fell from his bunk. Accordingly, the court will dismiss the claims against Jackson and Sturrock for the denial of adequate medical care.

## C.   Claims Against Practice Manager Davis

Hamer contends that PM Davis violated his rights by failing to respond reasonably after he fell from the top bunk on April 6, 2018, because she denied all of his grievances.[44] This allegation fails to state a claim because it is well established that an inmate has no constitutionally protected interest "in having grievances resolved to his satisfaction." Geiger, 404 F.3d at 374. Accordingly, Hamer's allegation against PM Davis will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[43]Medical records attached to the Martinez Report confirm that LVN Sturrock treated Hamer in the clinic for complaints of lower-back pain on the morning of April 6, 2018, providing him with an ice-pack that could be refilled every four hours and a three-day cell pass after Sturrock completed a standard evaluation and consulted with a registered nurse. See Correctional Managed Health Care Nursing Protocol for Contusions & Bites Other Than Snakes, Exhibit 12 to Adams Affidavit, attached to Martinez Report, Docket Entry No. 26-1, pp. 146-51.

[44]Plaintiff's MDS, Docket Entry No. 13, p. 3 ¶ 8.c.

**D.  Claims Against the Correctional Officers**

Hamer alleges that Officer Robinson, Officer Howard, and Lieutenant Sanchez interfered with his medical care.[45] Specifically, Hamer alleges that Officer Howard and Lieutenant Sanchez filed disciplinary charges against him on December 29, 2018, for talking in the hallway while waiting in line at the pill window.[46]  As a result of those charges Hamer was placed in administrative segregation for five hours.[47] Hamer was found guilty of the charged offense and lost commissary privileges for 30 days.[48]

Hamer does not allege facts showing that Officer Robinson had any personal involvement in the disciplinary charges or his brief placement in administrative segregation.  Absent personal involvement, Hamer does not state a claim against Officer Robinson. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a § 1983 action "must specify the personal involvement of each defendant").

Hamer fails to otherwise state a claim against Officer Robinson, Officer Howard, or Lieutenant Sanchez for interfering with or delaying his access to medical care.  Documentation

---

[45]Plaintiff's Memorandum, Docket Entry No. 4, p. 2.

[46]Plaintiff's MDS, Docket Entry No. 13, p. 5 ¶ 9.

[47]Id. ¶ 9.A.

[48]Id. ¶ 9.e.

provided by Hamer reflects that he had an active prescription for an anti-depressant as well as medications to treat high-cholesterol and high-blood pressure at the time the disciplinary charges were lodged against him,[49] but Hamer alleges no ill effects for the five-hour delay in receiving access to these medications.  Absent a showing that Hamer suffered substantial harm as a result of the alleged interference, he fails to articulate a constitutional violation  of the Eighth Amendment.  See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (explaining that "[d]elay in obtaining medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm").  Accordingly, Hamer's allegations against Officer Robinson, Officer Howard, and Lieutenant Sanchez will be dismissed for failure to state a claim upon which relief may be granted.  Because Hamer has had several opportunities to supplement his Complaint and has not articulated a valid claim against any of the defendants, the court will dismiss this case with prejudice.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants Jackson and Sturrock's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry No. 42) is **GRANTED**.

---

[49]Medication Print Pass dated January 15, 2019, attached as Exhibit to Plaintiff's MDS, Docket Entry No. 13-1, p. 1.

2.   The Prisoner's Civil Rights Complaint filed by
     Dale Allen Hamer (Docket Entry No. 1) is **DISMISSED
     with prejudice** for failure to state a claim upon
     which relief may be granted.

The Clerk is directed to provide a copy of this Memorandum

Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 13th day of May, 2021.

_____
                    SIM LAKE
           SENIOR UNITED STATES DISTRICT JUDGE